UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**PGP GROUP LLC,**                  )
                                    )
        **Plaintiff,**              )
                                    )
        **v.**                     )    Civil Action No. 10-1481 (ESH)
                                    )
**NATIONAL RAILROAD**               )
**PASSENGER CORPORATION,**          )
                                    )
        **Defendant.**             )
_____ )

## MEMORANDUM OPINION AND ORDER

Plaintiff PGP Group LLC d/b/a Atlas Companies ("Atlas") has sued defendant National Railroad Passenger Corporation ("Amtrak"), seeking to prevent defendant from awarding a contract for the installation of fencing. Before the Court are plaintiff's motions for a temporary restraining order ("TRO") and a preliminary injunction. Based on its review of the parties' filings, applicable case law, and the arguments of counsel at a hearing held on September 8, 2010, and for the reasons stated in open court, it is hereby **ORDERED** that plaintiff's motions are **DENIED**.

"A preliminary injunction is an 'extraordinary and drastic remedy.'" *Munaf v. Geren*, 553 U.S. 674 (2008) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed. 1995)). On a motion for a temporary restraining order or a preliminary injunction under Federal Rule of Civil Procedure 65, the Court must balance four factors: 1) the movant's showing of a substantial likelihood of success on the merits of his claims, 2) a showing of irreparable harm to the movant, 3) a showing that an injunction would not result in substantial harm to the nonmovant, and 4) public interest. *Davis v. Pension Benefit*

*Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009). It is not enough for a plaintiff to show the possibility of irreparable injury; rather, it must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 375 (2008) (emphasis in original).

As ruled in open court, plaintiff has failed to satisfy his burden since it has not shown a substantial likelihood of success on the merits or that it is likely to suffer irreparable injury. With respect to the merits, plaintiff has not shown that it is likely to prevail on its breach of contract claim. Second, as to irreparable injury, plaintiff argues that without an injunction, it stands to lose profits and overhead on work it may not be hired to do if Amtrak is permitted to solicit new proposals. However, plaintiff has shown merely that such damages are possible, not that they are likely. Moreover, Atlas has made no showing that such losses, if incurred, could not be calculated to some degree of reasonable certainty given the cap on plaintiff's existing contract with Amtrak. Because "mere economic loss" does not "support a finding of irreparable injury," *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 675 (D.C. Cir. 1985), Atlas has not demonstrated that it is likely to suffer irreparable injury if its motions for a TRO and a preliminary injunction are not granted.[1]

---

[1] Given this conclusion, the Court need not address the other prongs of the preliminary injunction analysis. *See*, *e.g.*, *Appalachian Voices v. Chu*, No. 08-380, 2010 WL 2902767, at *5 (D.D.C. July 26, 2010) (where plaintiff fails to make irreparable injury showing, "the court need not address the three remaining factors of the injunctive relief analysis; for even if the plaintiffs were to make a strong showing on those factors, they still would not be entitled to interim injunctive relief") (citing *Winter,* 129 S. Ct. at 375; *CityFed Fin. Corp v. Office of Thrift Supervision,* 58 F.3d 738, 747 (D.C. Cir. 1995) (affirming district court's denial of motion for preliminary injunction based solely on moving party's failure to make sufficient showing as to likelihood of irreparable injury)).

Accordingly, the Court **DENIES** plaintiff's motions for a TRO and a preliminary injunction.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 8, 2010